15

Receipt Number
*540926*

**ORIGINAL**

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JOHN  WRIGHT
    Plaintiff,

-vs-

Case: 5:06-cv-11690
Assigned To : O'Meara, John Corbett
Referral Judge: Morgan, Virginia M
Assign. Date : 4/7/2006 @ 2:28 P.M.
Description: CMP WRIGHT V.
PHILLIPS &COHEN, ET AL(TAM)

**DEMAND FOR JURY TRIAL**

PHILLIPS & COHEN ASSOCIATES, LTD,
ACADEMY COLLECTION SERVICES, INC., and
NICOLE DOE, agent and debt collector
for Academy Collection Services,
          Defendants.

## COMPLAINT & JURY DEMAND

*John   Wright states  the following claims for relief:*

### Jurisdiction

1.    This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2.    This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3.    The Plaintiff to this lawsuit is John  Wright who resides in Ann Arbor, MI 48103.

4.    The Defendants to this lawsuit are as follows:

    a.    Phillips & Cohen Associates, LTD ("Phillips & Cohen") which is a corporation doing business in Michigan.

1

b.      Academy Collection Service ("Academy") which is a corporation doing business in Michigan.

c.      Nicole Doe, an unidentified debt collector, employee and agent of Academy.

## Venue

5.      The transactions and occurrences which give rise to this action occurred in Washtenaw County.

6.      Venue is proper in the Eastern District of Michigan.

## General Allegations relating to Phillips & Cohen

7.      Some time prior to July 12, 2005, Phillips & Cohen was engaged by Chase Manhatten Bank to collect a debt from John Wright.

8.      Phillips & Cohen communicated with John Wright for the first time via a collection letter dated July 12, 2005.

9.      Phillips & Cohen sent its validation notice pursuant to 15 U.S.C. 1692g to John Wright via that July 12, 2005, collection letter.

10.     John Wright requested that Phillips & Cohen validate the debt in a July 25, 2005 letter.

11.     In that same letter, John Wright requested that Phillips & Cohen not to contact him by telephone.

12.     Phillips & Cohen did not validate the debt.

13.     Phillips & Cohen called John Wright at least two times after he sent the July letter.

14.     In August, 2005, John Wright notified Phillips & Cohen that he was represented by an attorney and that all communications should be conducted through his attorney.

15.     On November 2, 2005, a Phillips & Cohen debt collector called Mr. Wright's attorney and threatened to sue Mr. Wright if he did not immediately enter into an agreement on the debt.

16.     The debt collector was hostile, abusive, and refused to allow Mr. Wright's attorney to ask any additional questions about the matter.

17.     On that same day, the Phillips & Cohen debt collector called Mr. Wright to collect the debt.

18.     The Phillips & Cohen debt collector told Mr. Wright she was calling because of the negligence of his attorney.

19.     The Phillips & Cohen debt collector told Mr. Wright that it would bring a lawsuit if Mr. Wright did not entered into a settlement agreement.

20.     Phillips & Cohen has not brought a lawsuit in this matter.

### General Allegations relating to Academy

21.     Academy was engaged by Citibank to collect a debt from Mr. Wright.

22.     On February 28, 2006, an Academy debt collector called Mr. Wright's home.

23.     Mr. Wright's 15 year old daughter Madeline answered the phone.

24.     When Madeline told the Academy debt collector that Mr. Wright was not at home, the debt collector threatened, "Listen, you tell your father that if he ever lies to you like

3

that again, then I'll call child protection services on him."

25.     Madeline again told the debt collector that her father was not home.

26.     The debt collector said, "Don't lie to me. Do you think I'm stupid? I heard you cover the phone."

27.     When Mr. Wright discovered what happened, he called Academy and reported the incident to a supervisor. The supervisor stated that the collector was "Nicole" and that he would note the incident in the file.

28.     As a result of the acts alleged above, Plaintiff has suffered damages.

### Count I – Fair Debt Collection Practices Act (Phillips & Cohen)

29.     Mr. Wright incorporates the preceding allegations by reference.

30.     At all relevant times Phillips & Cohen – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

31.     Phillips & Cohen is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

32.     Phillips & Cohen has engaged in violations of the FDCPA including, but not limited to the following:

      a.     Phillips & Cohen -- after it knew that Mr.Wright was represented by an attorney with regard to the subject debt -- communicated with persons other than that attorney, in violation of 15 U.S.C. §1692b(6).

4

b.     Phillips & Cohen – without the prior consent of the consumer given directly to Phillips & Cohen or the express permission of a court of competent jurisdiction – communicated with Mr. Wright in connection with the collection of a debt at unusual or inconvenient, times or places in violation of 15 U.S.C. §1692c(a)(1).

c.     Phillips & Cohen communicated with Mr. Wright with the knowledge that Mr. Wright was represented by an attorney, in violation of 15 U.S.C. §1692c(a)(2).

d.     Phillips & Cohen threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5).

e.     Phillips & Cohen used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

g.     Phillips & Cohen failed to validate the debt after Mr. Wright requested that it provide the name and address of the original creditor, and continued its collection efforts on the debt, in violation of 15 USC §1692g.

33.   Mr. Wright has suffered damages as a result of Phillips & Cohen's violations of the FDCPA.

## Count  II – Michigan Occupational Code (Phillips & Cohen) (as alternative to Count III)

34.   Mr. Wright incorporates the preceding allegations by reference.

35.   Phillips & Cohen is a "collection agency" as that term is defined in the Michigan

5

Occupational Code ("MOC"), M.C.L. § 339.901(b).

36.   Mr. Wright is a debtor as that term is defined in M.C.L. § 339.901(f).

37.   Phillips & Cohen 's foregoing acts in attempting to collect this alleged debt against
Mr. Wright constitute violations of the Occupational Code including but not limited
to the following:

a.   (a) Communicating with a debtor in a misleading or deceptive manner.

b.   (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim
in a communication to collect a debt or concealing or not revealing the purpose
of a communication when it is made in connection with collecting a debt.

c.   (f) Misrepresenting in a communication with a debtor any of the following:(i)
The legal status of a legal action being taken or threatened.     (ii) The legal
rights of the creditor or debtor.

d.   (h) Communicating with a debtor, except through billing procedure, when the
debtor is actively represented by an attorney, the attorney's name and address
are known, and the attorney has been contacted in writing by the credit grantor
or the credit grantor's representative or agent, unless the attorney representing
the debtor fails to answer written communication or fails to discuss the claim
on its merits within 30 days after receipt of the written communication.

e.   (n) Using a harassing, oppressive, or abusive method to collect a debt,
including causing a telephone to ring or engaging a person in telephone

6

conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

38.   Mr. Wright has suffered damages as a result of Phillips & Cohen's violations of the Michigan Occupational Code.

39.   Phillips & Cohen's violations of the Michigan Occupational Code were willful.

## Count III-Michigan Debt Collection Practices Act (Phillips & Cohen)(as alternative to Count II)

40.   Mr. Wright incorporates the preceding allegations by reference.

41.   Phillips & Cohen is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

42.   Phillips & Cohen's violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* include, but are not limited to, the following

a.   Communicating with a debtor in a misleading or deceptive manner, in violation of M.C.L. §445.252(a).

b.   Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt, in violation of M.C.L. §445.252(c).

c.   Misrepresenting in a communication with a debtor 1 or more of the following in violation of M.C.L. §445.252(f): (i)The legal status of a legal action being taken or threatened; (ii) The legal rights of the creditor or debtor.

      d.      Communicating with a debtor, when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication in violation of M.C.L. §445.252(h).

      e.      Using a harassing, oppressive, or abusive method to collect a debt, in violation of M.C.L. §445.252(n).

43.      Mr. Wright has suffered damages as a result of Phillips & Cohen's violations of the Michigan Collection Practices Act.

### Count IV – Fair Debt Collection Practices Act (Academy)

44.      Mr. Wright incorporates the preceding allegations by reference.

45.      At all relevant times Academy – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

46.      Academy is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

47.      Academy has engaged in violations of the FDCPA including, but not limited to the following:

      a.      Academy engaged in harassing, oppressive and abusive conduct in connection with the collection of the debt in violation of the general prohibitions set forth

in 15 U.S.C. §1692d.

b.    Academy used or threatened use of violence or other criminal means to harm the physical person, reputation, or property of any person, in violation of 15 U.S.C. §1692d(1).

c.    Academy used generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e.

d.    Academy threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5).

e.    Academy used false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning Mr. Wright, in violation of 15 U.S.C. §1692e(10).

f.    Academy used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

48.    Mr. Wright has suffered damages as a result of Academy's violations of the FDCPA.

**Count V – Michigan Occupational Code (Academy)(as alternative to Count VI)**

49.    Mr. Wright incorporates the preceding allegations by reference.

50.    Academy is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

51.    Mr. Wright is a debtor as that term is defined in M.C.L. § 339.901(f).

52.    Academy 's foregoing acts in attempting to collect this alleged debt against Mr.

Wright constitute violations of the Occupational Code including but not limited to the following:

a.    (a) Communicating with a debtor in a misleading or deceptive manner.

b.    (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

c.    (n) Using a harassing, oppressive, or abusive method to collect a debt.

53.    Mr. Wright has suffered damages as a result of Academy's violations of the Michigan Occupational Code.

54.    Academy's violations of the Michigan Occupational Code were willful.

## Count VI – Michigan Debt Collection Practices Act (Academy)(as alternative to Count V)

55.    Mr. Wright incorporates the preceding allegations by reference.

56.    Academy is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

57.    Academy's violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* include, but are not limited to, the following

a.    Communicating with a debtor in a misleading or deceptive manner, in violation of M.C.L. §445.252(a).

b.    Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose

of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

c.    Misrepresenting in a communication with a debtor 1 or more of the following in violation of M.C.L. §445.252(f).:

    i.    The legal status of a legal action being taken or threatened.

    ii.    Using a harassing, oppressive, or abusive method to collect a debt, in violation of M.C.L. §445.252(n).

d.    Using profane or obscene language in violation of M.C.L. §445.252(o).

58.    Mr. Wright has suffered damages as a result of Academy's violations of the Michigan Collection Practices Act.

**Count VI – Fair Debt Collection Practices Act (Nicole Doe, Academy debt collector)**

59.    Mr. Wright incorporates the preceding allegations by reference.

60.    Jane Doe is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

61.    Nicole Doe has engaged in violations of the FDCPA including, but not limited to the following:

a.    Nicole Doe used or threatened to use of violence or other criminal means to harm the physical person, reputation, or property of any person, in violation of 15 U.S.C. §1692d(1).

b.    Nicole Doe used generally false, misleading or unfair methods to collect the

debt, in violation of the general prohibitions in 15 U.S.C. §1692c.

c.    Nicole Doe threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5).

d.    Nicole Doe used false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning Mr. Wright, in violation of 15 U.S.C. §1692e(10).

e.    Nicole Doe used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

62.    Mr. Wright has suffered damages as a result of Nicole Doe's violations of the FDCPA.

## Demand for Jury Trial

63.    Plaintiff demands trial by jury in this action.

## Demand for Judgment for Relief

64.    *Accordingly, Mr. Wright requests that the Court grant:*

    a.    *Actual damages.*

    b.    *Statutory damages.*

    c.    *Treble damages.*

    d.    *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

12

By: _____

Julie A. Petrik (P47131)
Attorney For John  Wright
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
Jpetrik@Pop.Net


Rochelle E. Guznack (P61675)
Attorney for John Wright
16325 Homer Street
Plymouth, MI 48107
(248) 679-1552
Rguznack@aol.com

Dated: April 7, 2006

JS 44 11/99    **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Washtenaw    **ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

JOHN WRIGHT

**DEFENDANTS**

PHILLIPS & COHEN ASSOCIATES, LTD., ACADEMY COLLECTION SERVICES, INC., and NICOLE DOE, agent and debt collector for Academy Collection Services, Inc.

(b) County of Residence of First Listed    Washtenaw

County of Residence of First Listed

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern Hwy., Ste. 206, Southfield, MI 48075
(248) 746-3790

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item 111)

## III. CITI (For Citiz Citiz

Case: 5:06-cv-11690
Assigned To : O'Meara, John Corbett
Referral Judge: Morgan, Virginia M
Assign. Date : 4/7/2006 @ 2:28 P.M.
Description: CMP WRIGHT V.
PHILLIPS &COHEN, ET AL(TAM)

Citizen or Subject of a
Foreign Country

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 316 Airplane Product | Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | Liability | ☐ 365 Personal Injury - | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | Product Liability | of Property 21 881 | 28 USC 157 | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of | ☐ 320 Assault Libel | | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Overpayment and | And Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | |
| Enforcement of Judgment | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 660 Occupational | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 680 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | | | |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | Injury | | Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor | or Defendant) | ☐ 850 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Litigation | ☐ 871 IRS-Third Party | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 (specify) Transferred from another district    ☐ 6 Multi district Litigation    ☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff brings this cause of action for violations of the FDCPA, 15 U.S.C. §1692 and 28 U.S.C. §§1331, 1337.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $ DEMAND    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE                                DOCKET NUMBER

DATE    4-6-06    SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?          ☐ Yes
                                                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously
        discontinued or dismissed companion cases in this or any other      ☐ Yes
        court, including state court? (Companion cases are matters in which  ☒ No
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :